(24 Civ. Proc. R. 146; 10 Misc. Rep. 258.)

PEOPLE v. COWAN et al.

(Common Pleas of New York City and County, Special Term. November, 1894.)

FORFEITED RECOGNIZANCE—SUPPLEMENTARY PROCEEDINGS.

> Under Code Civ. Proc. § 2458, providing that, in order to entitle a judgment creditor to maintain supplementary proceedings, "the judgment must have been rendered on the judgment debtor's appearance, or personal service of the summons upon him," supplementary proceedings cannot be maintained on a judgment entered on a forfeited recognizance, where summons was not served on the parties.

Supplementary proceedings by the people of the state of New York against Thomas G. Cowan, principal, and John Cahill, as surety, in a forfeited recognizance. Defendant Cahill moves to vacate an order for his examination. Granted.

Durnin & Hendrick, for the motion.

John R. Fellows, Dist. Atty., and Forbes J. Hennessy, Deputy Asst., opposed.

GIEGERICH, J. The defendants gave recognizance to answer to a charge preferred. Upon the principal's failure to appear, the

same was declared forfeited, and an order to that effect was entered, and thereafter judgment was entered in the office of the clerk of the city and county of New York by the filing of the recognizance in question, together with a certified copy of the order of the court forfeiting the same. An execution was then issued to the sheriff, who returned the same unsatisfied, and an order for the examination of the defendant Cahill in proceedings supplementary to execution was obtained. The latter now moves to vacate the same, upon the ground that the judgment was not rendered upon the defendant's appearance, or personal service of the summons upon him. In order to entitle a judgment creditor to maintain supplementary proceedings, "the judgment must have been rendered upon the judgment debtor's appearance or personal service of the summons upon him." Code Civ. Proc. § 2458. It is undisputed that neither of the defendants was served with the summons, and that no action was brought upon the said recognizance. The district attorney contends that the provisions of the Code above cited are inapplicable, and cites numerous authorities in support of his contention; but they are not in point, the same relating merely to the right of the people to enter judgment upon a forfeited recognizance without bringing an action, and to issue execution thereon. It is also urged that the signing of the recognizance was "a waiver by the defendants of the right to any further day in court." Conceding this to be so, still I do not perceive how the mere signing of such a recognizance can be construed into an appearance by the defendants in the proceeding in which the judgment was entered, and of which, it is conceded, neither of them had any notice. "The defendant's appearance must be made by serving upon the plaintiff's attorney within twenty days after service of the summons, exclusive of the day of service, a notice of appearance or a copy of a demurrer or of an answer." Code Civ. Proc. § 421. It is manifest from the papers submitted that there was no appearance, within the purview of the provisions above quoted, by either of the defendants in the proceeding referred to. There having been neither an appearance by nor personal service of the summons upon the defendants, it follows that the order in question must be vacated. The district attorney also urges that any other view of the position than is contended for "would be to seriously affect the administration of the criminal law." While such a result is to be deplored, still it should be borne in mind that it is for the courts to apply the laws, not to make them, and that it is for the legislature to afford the remedy. Motion granted.